IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lashaun B.,[1] | ) | Civil Action No.: 2:24-6354-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Frank Bisignano, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Lashaun B.'s ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

    In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

**BACKGROUND**

Plaintiff filed an application for disability insurance benefits on May 18, 2021, alleging a disability onset date of March 10, 2020. Plaintiff was 38 years old on her alleged disability onset date and has past relevant work as a tractor trailer truck driver. Her application was denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). After a hearing on March 12, 2024, the ALJ issued a decision on April 26, 2024, finding that Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Plaintiff filed the instant action seeking judicial review on November 7, 2024. (ECF No. 1.)

**STANDARDS OF REVIEW**

**I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must

2

'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.  Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.  The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 10, 2020, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: obesity, lumbar facet anthopathy, lumbar radiculopathy, patellofemoral pain syndrome of the bilateral knees, history of left patellar

4

fracture, mood disorder, and adjustment disorder with mixed anxiety and depressed mood. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except Plaintiff needs to change positions every 45 minutes, which would lead to being off task for five minutes during that time.  The ALJ further found that: Plaintiff can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs; Plaintiff can occasionally balance and stoop, but can never kneel with the left lower extremity, crouch, or crawl; Plaintiff can understand, remember, and carry out simple instructions and use her judgment to make simple work-related decisions; and Plaintiff can only deal with occasional changes in the routine work setting.  The ALJ found that Plaintiff is unable to perform any past relevant work, but that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.   Accordingly, the ALJ found that Plaintiff has not been under a disability from March 10, 2020, through the date of the ALJ's decision.

## II.     This Court's Review

In this action, Plaintiff asserts: (1) "[t]he ALJ failed to articulate consideration of a medical source opinion authored by Plaintiff's treating source resulting in an RFC that is not based on substantial evidence or logical explanation," and (2) "[t]he ALJ failed to properly evaluate Plaintiff's subjective testimony." (ECF No. 12 at 11, 13.) In response, the Commissioner asserts that "the ALJ appropriately resolved the medical record, Plaintiff's subjective complaints, and the opinion evidence into a reasonable residual

functional capacity limiting Plaintiff to a range of sedentary work." (ECF No. 13 at 24.)

In her Report, the Magistrate Judge carefully summarized the ALJ's findings and thoroughly considered each of Plaintiff's claims. (*See* ECF No. 16 at 6-16.) First, as to Plaintiff's claim that the ALJ failed to articulate consideration of a medical source opinion by Plaintiff's treating orthopedist, Dr. Frank K. Noojin III, the Magistrate Judge explained the contents of the attending physician statement that Dr. Noojon completed on Plaintiff's behalf for MetLife Insurance Company on March 26, 2021, noting that in the portion of the form related to Plaintiff's "restrictions and limitations," Dr. Noojin wrote "OOW" meaning "out of work" in large letters and included null-set signs (an oval with a slash through it) in the spaces provided to write the number of hours Plaintiff can perform certain functions. (ECF No. 16 at 20-21 (reviewing ECF No. 9-10 at 231, 233).) As the Magistrate Judge noted, Dr. Noojin also noted on the form that he advised Plaintiff to stop working on March 18, 2020, and that he would determine at her next appointment on April 28, 2021, when Plaintiff could return to work. (*Id.* (citing ECF No. 9-10 at 232-33).)

The Magistrate Judge also explained that Dr. Noojin completed three other attending physician statements on Plaintiff's behalf for MetLife Insurance Company (on August 10, 2021; November 15, 2021; and February 25, 2022), and that Dr. Noojin included the same large "OOW" notation and null-set signs but advised Plaintiff in the latter two forms that she could return to work on May 3, 2022.[2] (*Id.* (citing ECF No. 9-10 at 36-42; 91-97; 134-137).) As noted by the Magistrate Judge, Plaintiff does not discuss these additional forms in her

---

[2] The Report states that the latter two of these forms indicated that Plaintiff could return to work on March 3, 2022, but that appears to be a typographical error as these forms actually indicate a return-to-work date of May 3, 2022. (*See* ECF No. 9-10 at 42, 96.)

briefing or otherwise argue that the ALJ also should have considered them as medical source opinions.

After reviewing Dr. Noojin's attending physician statements, the Magistrate Judge agreed with the Commissioner that these forms do not provide an assessment of Plaintiff's limitations and capacities and, therefore, do not meet the definition of a medical opinion under 20 C.F.R. § 404.1513(a)(2). Thus, the Magistrate Judge found that the ALJ was not required to articulate how persuasive he found these statements.[3] The Magistrate Judge noted that Dr. Noojin's "OOW" and null-sign notations appear on all four forms and found that Dr. Noojin's notations "cannot reasonably be construed as indicating he believes Plaintiff is entirely incapable of performing the corresponding function." (ECF No. 16 at 22.) Instead, the Magistrate Judge found that Nr. Noojin essentially "declined to provide any assessment of those functions." (Id.)

As to Plaintiff's assertion that the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony, the Magistrate Judge found that the ALJ's analysis complies with the applicable symptom-evaluation framework set forth in the regulations, and the Magistrate Judge found no error in the ALJ's consideration of Plaintiff's subjective symptom testimony. (ECF No. 16 at 23-26.)

In her objections to the Magistrate Judge's Report, Plaintiff again argues that the ALJ erred in failing to address Dr. Noojin's attending physician statement from March 26,

---

[3] The Magistrate Judge also noted that, although the ALJ did not specifically reference Dr. Noojin's attending physician statements, the ALJ did discuss Dr. Noojin's underlying treatment notes.

2021,[4] and she asserts that the Court should decline to accept the Magistrate Judge's interpretation of Dr. Noojin's notations on the form. (ECF No. 16 at 20 (citing ECF No. 9-10 at 231, 233).) According to Plaintiff, "Dr. Noojin clearly intended to provide an opinion on [Plaintiff's] ability to work," and the interpretation of Dr. Noojin's null-set signs is a question of fact that should be resolved by the ALJ in the first place. (*Id*. at 3.) Plaintiff states: "The question in this case is whether Dr. Noojin's use of a null-set sign in the context of being asked to assess [Plaintiff's] functional abilities for work meant the number 0 or whether Dr. Noojin was declining to provide any opinion." (ECF No. 17 at 4.)

After *de novo* review, the Court is not persuaded by Plaintiff's objections. As the Magistrate Judge explained, a medical opinion must provide an assessment of a claimant's limitations and capacities to meet the regulatory definition under 20 C.F.R. § 404.1513(a)(2). Here, however, Dr. Noojin's attending physician statements do not provide any assessment of Plaintiff's limitations and capacities. Rather, Dr. Noojin simply scrawled "OOW" in large letters across the entire section asking for specific limitations and included null-set signs for each of the areas as an indication that Plaintiff was currently out of work.

According to Plaintiff, Dr. Noojin's use of the null-set signs is equivalent to his assessment that Plaintiff had zero ability to perform any of the listed functions, but a plain reading of the forms suggest otherwise. First of all, as a practical matter, the forms include zeroes written in other areas that do not appear with a line through them as a null-set sign. Second, the only impairments and symptoms that Dr. Noojin discusses on these forms

---

[4] Plaintiff again focuses her argument solely on the attending physician statement form from March of 2021 and includes no discussion or argument regarding the other three attending physician statements from Dr. Noojin.

relate to Plaintiff's knee; thus, the Court agrees with the Magistrate Judge that it would defy logic to conclude that Dr. Noojin's null-set signs were intended to indicate that Plaintiff had *zero* capacity to do *anything*. (*See* ECF No. 13 at 12 ("Dr. Noojin did not identify any impairment or symptom that could arguably limit Plaintiff's ability to reach, perform fine finger movements, or perform eye/hand movements, but Dr. Noojin wrote the null-set sign for each of the areas (as well as all the other areas).").) In all, the Court fully agrees with the Magistrate Judge that Dr. Noojin's forms simply do not provide an assessment of Plaintiff's limitations and capacities and instead merely indicate that Plaintiff was currently out of work. Accordingly, the Court finds these forms are not medical opinions within the meaning of 20 C.F.R. § 404.1513(a)(2), and the ALJ did not err by failing to discuss these forms.

In her objections, Plaintiff next objects to the Magistrate Judge's finding that the ALJ did not err when evaluating Plaintiff's subjective symptom testimony. (ECF No. 17 at 5.) First, Plaintiff takes issue with the Magistrate Judge's findings as to the ALJ's characterization of the evidence pertaining to Plaintiff's use of a cane. According to Plaintiff, the ALJ erred by concluding that the medical records do not support Plaintiff's need for an assistive device, and Plaintiff asserts that "[t]he ALJ's failure to characterize the medical evidence harmed [Plaintiff] because it factored into the ALJ's rejection of her subjective complaints as a whole." (ECF No. 17 at 5-6.) Additionally, Plaintiff objects to the Magistrate Judge's finding that the ALJ properly considered and resolved conflicting evidence in discounting Plaintiff's subjective symptom testimony in light of her activities of daily living.

After *de novo* review, the Court again is not persuaded by Plaintiff's objections.

9

First, the Court notes that the ALJ comprehensively reviewed the medical evidence showing a medical impairment that could be expected to produce the symptoms alleged by Plaintiff and then evaluated all of the available evidence to assess the extent to which Plaintiff's complaints were consistent with all of the evidence. To that end, the ALJ specifically considered Plaintiff's statements about her impairments and her resulting limitations and credited them to the extent they were consistent with the longitudinal record, and the Court finds that the ALJ's evaluation of Plaintiff's subjective complaints permits meaningful judicial review.

Additionally, as to the ALJ's alleged failure to properly characterize Plaintiff's use of an ambulatory assistive device, the Court finds that substantial evidence supports the ALJ's determination that the medical records "predominantly" document Plaintiff walking without an assistive device, and the Court notes that the ALJ specifically cited a number of records throughout the decision indicating that Plaintiff ambulated without an assistive device. Furthermore, the Court notes that even if Plaintiff could prove that she required an assistive device, remand still would not be appropriate because the VE testified that the use of a cane would not impact Plaintiff's ability to perform *sedentary* work.

Next, the Court finds no error with regard to the ALJ's determination that Plaintiff's activities of daily living are inconsistent with a claim of total disability. In the decision, the ALJ thoroughly discussed Plaintiff's activities of daily living – and not simply the fact that Plaintiff was able to drive three times a week to medical appointments as noted by Plaintiff. For example, the ALJ considered the fact that Plaintiff was able to take care of her son, could prepare simple meals on a regular basis and shop online for groceries, and could perform household chores. In all, and after *de novo* review, the Court finds that, contrary

to Plaintiff's objections, the ALJ built a logical bridge from the evidence to the findings, and the Court finds no error in the ALJ's consideration of Plaintiff's subjective symptom testimony.

## **CONCLUSION**

For the foregoing reasons, the Court overrules Plaintiff's objections (ECF No. 17); the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 16); and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 26, 2026
Charleston, South Carolina